IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

VALLEY FORGE LIFE INSURANCE )
    COMPANY )
                                                      ) NO. 3:05-0312
v. ) JUDGE CAMPBELL
                                                      )
VIVIAN GOTHARD )

## MEMORANDUM

Pending before the Court are Plaintiff's Renewed Motion for Summary Judgment (Docket No. 30) and Defendant's Motion to Quash Declaration of Vicki Eaton (Docket No. 41) . For the reasons stated herein, Plaintiff's Renewed Motion is GRANTED, and summary judgment is entered for Plaintiff against Defendant in this action. Defendant's Motion to Quash (Docket No. 41) is DENIED as moot.

## FACTS

Plaintiff filed this action for recission and declaratory relief as to a certain life insurance policy with a disability income rider issued to Defendant. Plaintiff alleges that Defendant made material misrepresentations on her insurance application to conceal her extensive, adverse medical history. Plaintiff contends that it relied to its detriment on Defendant's material misrepresentations in issuing the life insurance policy and determining eligibility for coverage and that, had it been aware of the false information at the time Defendant's application was considered, it would not have issued the policy.

Plaintiff has sued for a declaratory judgment ordering that it is not obligated to provide disability income benefits to Defendant and that the policy is null, void, terminated and/or otherwise rescinded. Plaintiff also seeks compensatory damages, costs and attorney's fees.

The specific alleged material misrepresentations on Defendant's application include the following:

(1) Question 9h asked whether Defendant had, in the last ten years, been told that she had any of the following: high blood pressure, chest pain, disease of the heart or blood vessels, cancer or tumor of any kind, mental or nervous disorder, diabetes, lung or respiratory disorder, kidney disease, disorder of the blood or lymph nodes, or any disease of the reproductive organs. Docket No. 40, ¶ 5. Defendant checked only the box for high blood pressure. Id., ¶ 7.

Yet, Defendant's medical records indicate, and Defendant does not dispute, that in 2002 and prior to the application date in 2003, Defendant suffered from a history of chronic chest pain, noted the onset of chest discomfort described as bricks lying on her chest, as well as daily substernal chest discomfort, and that Defendant had multiple lesions on CT scan of the chest and costochondritis. Docket No. 40, ¶ 8(a).

Moreover, Defendant's medical records indicate, and Defendant does not dispute, that within ten years of her application, she was told she was diagnosed with depression. Docket No. 40. ¶ 8(c).

Defendant's medical records also indicate, and Defendant does not dispute, that within ten years of her application, she had a history of type II diabetes mellitus and insulin resistance syndrome, and her medical records specifically state that she is a diabetic and currently on Glucophage. Docket No. 40, ¶ 8(e).

2

Defendant admits that her medical records indicate that in 2002 and prior to the application date in 2003, she suffered from pulmonary nodules and her doctor recommended following up every three months for two years. Docket No. 40, ¶ 8(g). In addition, Defendant admits she was told by the doctor within ten years of the application date that she had nodules on her lungs, Id., ¶ 8(h), and that she was treated in early 2003 for a fungal infection of the lungs. Id., ¶ 8(i).

Defendant's medical records indicate, and Defendant does not dispute, that from January 2003, she suffered persistent flank pain related to renal obstruction and that she suffered from kidney stones. Docket No. 40, ¶ 8(j). Further, Defendant's medical records indicate, and Defendant does not dispute, that in 2002 and 2003, she suffered from an elevation of fats in the bloodstream and excess cholesterol in the blood. Id., ¶ 8(k). Defendant's medical records indicate, and Defendant does not dispute, that in 2002 and 2003, she suffered from ovarian cysts and had a hysterectomy. Docket No. 40, ¶ 8(l).

(2) Question 10 asked whether Defendant was taking any medication and to list those medications. Defendant listed only one medication when she in fact was taking at least eleven other medications as well. Docket No. 40, ¶¶ 9-11.

Defendant certified in the subject application for insurance "to the best of my knowledge the answers to the questions in all part of this application are true and correct." Complaint, Ex. A, p. 2. Defendant also signed the application which stated that she "agrees that (1) all statements and answers in this application are complete, true and correctly recorded to the best of my knowledge and belief." Id.

In the supplemental questionnaire for the group disability income benefit, Defendant signed under the following language: "I understand that this declaration is a material part of my application

3

and will be relied upon by the Company in determining my insurability. I understand that any material misstatement in this declaration, or elsewhere in my application, will render the group certificate, if issued, voidable. I declare that the above answers are true and complete and shall form part of the application on my life." Complaint, Ex. A, p. 6.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DISCUSSION

Tennessee law provides:

> No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

4

Tenn. Code Ann. § 56-7-103. The burden of establishing such a misrepresentation falls on the insurance company. Cummings v. Federal Kemper Life Assurance Co., 908 F.Supp. 512, 514 (E.D. Tenn. 1995).

The insurer can defeat coverage by showing either that the misrepresentation was made with the intent to deceive or that the matter represented increased the risk of loss. Vermont Mut. Ins. Co. v. Chiu, 21 S.W.3d 232, 235 (Tenn. Ct. App. 2000). In this case, Plaintiff alleges that Defendant's misrepresentations increased the risk of loss.

Whether the answers made by an applicant for insurance to the questions on the application were true is a question of fact, while whether a false answer materially increased the insurer's risk is one of law. Cummings, 908 F.Supp. at 517; Stafford v. Allstate Ins. Co., 2006 WL 335588 at * 3 (W.D. Tenn. Feb. 13, 2006). Here, the facts upon which the Court relies in its analysis, as indicated above, are undisputed.

A misrepresentation increases the risk of loss when it is of such importance that it naturally and reasonably influences the judgment of the insurer in making the contract. Sine v. Tennessee Farmers Mut. Ins. Co., 861 S.W.2d 838, 839 (Tenn. Ct. App. 1993).

The Court finds that Defendant's failure to disclose her chronic chest pain, depression, diabetes, pulmonary problems, renal obstruction, kidney stones, elevated fats and excess cholesterol in the blood, and recent hysterectomy and related problems materially increased the risk of loss in this case. Furthermore, Defendant's failure to disclose numerous medications she had been taking also increased the risk of loss. Finally, Craig Markley's Affidavit (Docket No. 32) indicates that he, as an underwriter for Plaintiff, would not have issued the subject policy had Defendant fully and completely answered the questions on her application.

5

Defendant's claim that the agent somehow misrepresented her answers has no merit. An insured has the duty to read the application for insurance and to verify the accuracy of the information therein stated. Giles v. Allstate Ins. Co., 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993). For example, where the agent deliberately omits from the application the insured's medical history and that omission increases the risk of loss, there can be no recovery on the policy where the insured, failing to read the application, affirms the accuracy of the statements therein contained. Montgomery v. Reserve Life Ins. Co., 585 S.W.2d 620, 622 (Tenn. Ct. App. 1979).

Here, as indicated above, Defendant certified the accuracy of her application and affirmatively stated that the contents were "complete, true and correctly recorded." If the insured fails to read a contract or otherwise to learn its contents and signs the same, the insured is estopped from denying any obligation under the contract and will be conclusively presumed to know its contents. Stafford, 2006 WL 335588 at * 3. If the insured has an opportunity to correct misrepresentations on an application but fails to do so, the insurer is entitled to rescind coverage if the misrepresentations increase its risk of loss, regardless of whether its agent played a role in the misrepresentations. Id. at * 4.

For these reasons, the Court finds that Defendant made material misrepresentations in her application for insurance and that those misrepresentations increased the risk of loss to Plaintiff. Accordingly, Plaintiff's Renewed Motion for Summary Judgment is GRANTED. The policy of life insurance at issue herein is declared void and is hereby rescinded.

6

Because the Court did not rely upon the Declaration of Vicki Eaton, Defendant's Motion to Quash (Docket No. 41) is DENIED as moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7